# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: __23-1769__     Case Manager: __Sharday Swain__

Case Name: __Christian Healthcare Centers, Inc. v. Dana Nessel, et al.__

Is this case a cross appeal?   ☐ Yes   ☑ No

Has this case or a related one been before this court previously?   ☐ Yes   ☑ No

If yes, state:
   Case Name: _____   Citation: _____

Was that case mediated through the court's program?   ☐ Yes   ☐ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

This appeal is being taken by Christian Healthcare Centers, Inc. ("the ministry") against Dana Nessel as Michigan's Attorney General, John E. Johnson, Jr. as Executive Director of the Michigan Department of Civil Rights, and individual members of the Michigan Civil Rights Commission (collectively, "Michigan"), all in their official capacities. The ministry filed a pre-enforcement action challenging Michigan's public-accommodation and employment laws because they violate the ministry's First Amendment rights to free speech, expressive association, free exercise, and freedom from the establishment of religion. The ministry also challenged the Unwelcome Clause of Michigan's public-accommodation laws because it violated the ministry's Fourteenth Amendment rights to be free from laws that are vague, overbroad, and grant officials unbridled discretion. The ministry appeals the District Court's Final Judgment (Doc. 29) as to the following orders related to that judgment: (1) the March 29, 2023, Opinion and Order (Doc. 28) granting Michigan's motion to dismiss and denying the ministry's preliminary injunction motion and (2) the August 22, 2023, Memorandum Opinion and Order (Doc. 45) denying the ministry's motion for reconsideration and motion for leave to supplement its motion for reconsideration.

The ministry will argue that the District Court erred in dismissing its suit, denying its motion for reconsideration, and denying its motion to supplement because the ministry has standing and presents ripe claims. The ministry will also argue that Michigan's public-accommodation and employment laws violate the First Amendment as applied to the ministry's use of pronouns, prescription of cross-sex hormones, employment decisions, and policies and practices related to those topics. And the ministry will argue that the Unwelcome Clause facially violates the Fourteenth Amendment.

This is to certify that a copy of this statement was served on opposing counsel of record this __6th__ day of __September__, __2023__.

__John J. Bursch__
Name of Counsel for Appellant