No. 23-1769

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CHRISTIAN HEALTHCARE CENTERS, INC.,

    Plaintiff-Appellant,

v.

DANA NESSEL, JOHN E. JOHNSON, JR., PORTIA L. ROBERSON, ZENNA FARAJ ELHASON, GLORIA E. LARA, REGINA GASCO-BENTLEY, ANUPAMA KOSARAJU, RICHARD CORRIVEAU, DAVID WORTHAMS, in their official capacities as members of the Michigan Civil Rights Commission,

    Defendants-Appellees.

Appeal from the United States District Court
Western District of Michigan, Southern Division
Honorable Jane M. Beckering

## APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT THE APPELLATE RECORD OR TAKE JUDICIAL NOTICE

                            Tonya C. Jeter (P55352)
                            Kimberly K. Pendrick (P60348)
                            Assistant Attorneys General
                            Counsel of Record
                            Attorney for Defendants-Appellees
                            Civil Rights & Elections Division
                            3030 W. Grand Blvd, 10th Floor
                            Detroit, Michigan 48202
                            313.456.0067

Dated: October 30, 2023

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................. ii

Introduction .............................................................................................. 1

Argument .................................................................................................. 1

I. The record on appeal should not be supplemented on the issue of standing ........................................................................... 1

II. CHC's request for judicial notice should be denied where it is seeking substantive review of the pending complaints before the MDCR. ........................................................................... 8

Conclusion and Relief Requested ........................................................... 10

Certificate of Compliance ....................................................................... 12

Attorney for Defendants-Appellees Certificate of Service .................... 13

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513 (6th Cir. 2001) ............................................................................................. 6

*Davis v. City of Clarksville*, 492 Fed. Appx. 572 (6th Cir. 2012) .............. 9

*Davis v. Colerain Twp.*, 51 F.4th 164 (6th Cir. 2022) ................................ 5

*Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.*, 82 F.4th 664 (9th Cir. 2023) ..................................................... 5

*Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261 (6th Cir. 1985) .......... 5

*Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007 (6th 2003) ................................................................................................. 3

*Northwest Env't Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520 (9th Cir. 1997) .................................................................................... 4

*Ohio Citizen Action v. City of Englewood*, 671 F.3d 564 (6th Cir. 2012) ...................................................................................................... 6

*Ouachita Watch League v. Jacobs*, 463 F.3d 1163 (11th Cir. 2006) ......... 7

*Pennell v. San Jose*, 485 U.S. 1 (1988) ................................................. 3, 4

*S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636 (6th Cir. 1982) ....................................................................................... 2

*Teamsters Loc. Union No. 117 v. Wash. Dep't of Corr.*, 789 F.3d 979 (9th Cir. 2015) .................................................................................. 6

*United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005) .......................... 3

**Rules**

Fed. R. App. P. 10(a) .................................................................................. 2

Fed. R. App. P. 10(e)(2)(C) ........................................................................... 2

Fed. R. Evid. 201(b) ..................................................................................... 8

Case: 23-1769  Document: 38  Filed: 10/30/2023  Page: 4

## INTRODUCTION

After the District Court granted the Attorney General's and the Commission Defendants' motion to dismiss based on Plaintiff Christian Healthcare Center's (CHC) lack of standing, CHC filed a motion for reconsideration and three notices of supplemental authority with the District Court. (Motion for Reconsideration, R 30; Notices of Supplemental Authority, R 39, 41, 43.) CHC essentially argues that any complaint filed with the Michigan Department of Civil Rights (MDCR) since the filing of its complaint that involves sexual orientation or gender identity discrimination demonstrates that it has standing. That argument was properly rejected by the District Court. This Court should likewise deny CHC's motion to supplement the record or alternatively to take judicial notice of such subsequent filings, where CHC cannot meet any of the standards for granting relief.

## ARGUMENT

### I. The record on appeal should not be supplemented on the issue of standing.

The record on appeal from a judgment or order of a District Court is comprised of "the original papers and exhibits filed in the district court," "the transcript of proceedings," and a "certified copy of the

docket entries prepared by the district clerk. Fed. R. App. P. 10(a). The court rule permits courts of appeal to supplement the record on appeal if "anything material . . . is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2)(C). As is clear from the rule's wording, "[t]he purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982).

CHC is not arguing that anything was omitted or misstated in the record. Instead, CHC argues that the appellate record should be supplemented to "bolster[] its standing" based on this Court's "inherent equitable authority." (Motion, R 19-1, pp 2-3.)

To determine whether to exercise such authority, this Court considers four factors:

1) whether proper resolution of the case was beyond any dispute;

2) whether it would be inefficient to remand to the district court for review of additional facts;

3) whether the opposing party had notice of the existence of the disputed evidence; and

> 4) whether the case is before the court on a habeas corpus claim, because federal appellate judges have "unique powers" in that context.

*United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005). Appellees do not dispute that they are aware of any complaints filed with the MDCR. However, none of the other factors are met. This case does not involve a habeas corpus claim. And Plaintiff has not demonstrated that it would be inefficient to remand to the district court for consideration of the additional case. However, as set forth in this brief, the information Plaintiff seeks to supplement does not support standing and remand would be futile. More importantly however is that, as a general matter, supplementation under the Court's inherent authority is inappropriate unless the additional evidence "establishes beyond doubt the proper disposition of [the] case." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th 2003).

The MDCR complaints CHC seeks to provide this Court do not establish standing. CHC relies upon *Pennell v. San Jose*, to stand for the proposition that questions as to standing permit supplementing the record on appeal. 485 U.S. 1 (1988). In *Pennell* the Supreme Court noted, in dicta, that the record on standing was likely lacking because

3

the case "originated in a state court where Art. III's proscription against advisory opinions may not apply." *Id.* at 8. It noted that in future cases, parties "under circumstances similar to those here take pains to supplement the record in any manner necessary...." *Id.*

Unlike *Pennell,* this case did not originate in a state court and there is no indication that this case is "similar" in "circumstance" to *Pennell* to justify any supplementation of the record. And other courts have cited *Pennell* in cases where standing could not have been raised before an appeal. *See, e.g., Northwest Env't Def. Ctr. v. Bonneville Power Admin.,* 117 F.3d 1520, 1527–28 (9th Cir. 1997) ("Because Article III's standing requirement does not apply to agency proceedings, petitioners had no reason to include facts sufficient to establish standing as a part of the administrative record. We therefore consider the affidavits not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction.") But that is not the case here. Standing was raised and decided below.

CHC also cites to three cases in which this Court and the Ninth Circuit permitted supplementation of the record or considered evidence

4

outside the record on appeal—*Davis v. Colerain Twp.,* 51 F.4th 164, 175–76 (6th Cir. 2022), *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1270–71 (6th Cir. 1985), and *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023). However, the court in each of these cases allowed the record to be supplemented on the issue of mootness. Mootness differs from standing, as "litigants must inform courts of facts that might moot a case even if they learn of the facts at [the appellate] stage." *Davis,* 51 F.4th at 176. As the Ninth Circuit observed in *Fellowship of Christian Athletes,* "[d]ue to the nature of the mootness inquiry, unlike standing, we must consider factual developments that occurred after the suit was filed." 82 F.4th at 681.

Even the dissent recognized this dichotomy although it disagreed with the majority's decision to permit supplementation. *Id.* at 721–22 (Murguia, J., dissenting) ("The majority grants Plaintiffs' motion to supplement only by accepting Plaintiffs' flawed mootness invitation. Viewing the jurisdictional issue as what it is—a question of standing— the majority's decision to supplement the record cannot withstand

5

scrutiny.") Here, the issue is standing—not mootness—so these cases do not support supplementing the record.

Further, CHC requests to supplement the record with events that occurred after the filing of its complaint. But, standing is to "be determined as of the time the complaint is filed." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001). *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 590 (6th Cir. 2012) (same).

CHC relies upon *Teamsters Loc. Union No. 117 v. Wash. Dep't of Corr.*, a case outside this circuit in which the court permitted supplementing the record on standing. 789 F.3d 979, 986 (9th Cir. 2015). In *Teamsters,* which was an appeal after summary judgment, the union, in response to a motion to dismiss its appeal for lack of standing, offered affidavits that simply confirmed facts that were adduced in discovery. The Court noted that supplementing the record was only permitted in "extraordinary circumstances" and that it was accepting "the affidavits for the limited purpose of confirming the job-related harms that the Department acknowledged in general terms during discovery." *Id.* at 986. Thus, in that case, the plaintiff was not

attempting to supplement the record with subsequent evidence and events to retroactively establish standing.

Similarly, in *Ouachita Watch League v. Jacobs*, another out-of-circuit opinion, the defendant raised the issue of the plaintiff's standing for the first time on appeal. 463 F.3d 1163 (11th Cir. 2006). The Eleventh Circuit noted that it generally will not consider evidence that was not submitted to the district court, but that it has "the power to do so when doing so is in the interests of justice and judicial economy," and where the material is "dispositive" of an issue. *Id*. at 1170. Citing those reasons, the court determined it would accept the plaintiff's declarations supporting standing. "Given that the declarations in question resolve the standing issue and illuminate the mootness issue, and given the length of time that these environmental suits have been pending, we conclude that it is in the interests of justice and efficiency to consider the supplemental declarations." *Id*.

But the instant case bears no similarity to *Ouachita* where Defendants raised the issue of standing in all their filings, including their dispositive motion, and CHC responded to those arguments and the issue was ruled upon by the District Court.

7

CHC fails to demonstrate any extraordinary circumstances to permit supplementation of the record on appeal. Allowing such a supplement does not establish beyond a doubt the proper disposition of this case as standing is evaluated at the time of the filing of the complaint, and because the filing of an MDCR complaint does not demonstrate whether the MDCR would not appropriately assess a respondent's religious freedoms under the ELCRA as written.

## II. CHC's request for judicial notice should be denied where it is seeking substantive review of the pending complaints before the MDCR.

CHC also requests this Court take judicial notice that certain complaints were filed with the MDCR after the filing of its complaint. (Motion to Supplement, p. 6.) This Court has authority to take judicial notice of "a fact that is not subject to reasonable dispute" either because it "is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While the filing of an administrative complaint with the MDCR may be judicially noticed, CHC is asking this Court to take judicial notice of the facts or allegations in the complaints to assess whether they support its standing.

In *Davis v. City of Clarksville*, the plaintiff, after having his motion to supplement denied, asked this Court to take judicial notice of excerpts from a deposition, affidavits, and a complaint from a prior lawsuit. 492 Fed. Appx. 572, 578 (6th Cir. 2012). This Court noted it could take judicial notice of the existence of the documents as evidence that a complaint was filed and a deposition was taken. *Id*. "But it is not the existence of these documents that Davis seeks for us to acknowledge; rather, he seeks to rely on the substantive facts within those exhibits, many of which are disputed, to support his appeal." *Id*. The Court concluded that such a request was more properly treated as a motion to supplement the record, which motion the Court had already denied. (*Id*.)

Similarly, here, the taking of judicial notice that an MDCR complaint was filed does not establish whether CHC has standing unless the Court conducts a substantive analysis of the filing to determine whether it is even comparable. Further, the filing of a sexual orientation or gender identity discrimination complaint with MDCR is insufficient to assess whether the Commission Defendants would unconstitutionally deny CHC its religious freedoms after any review

9

and possible investigation. When Appellant presented the District Court with supplemental authority regarding an MDCR complaint against a catholic charity (ECF No. 39, PageID.1091), the District Court found that the "mere fact that an individual filed a complaint against the charity and the Department ordered a response does not serve to reveal any palpable defect in this Court's prior decision" dismissing the case. (R. 45, Page ID 1201.) The District Court noted that the MDCR is statutorily required to receive and investigate complaints. *Id.* And that the "scope of an investigation, any determination that actionable discrimination occurred, and any determination regarding grounds to issue a charge… is dictated by the facts and applicable laws, including constitutional law which, again, the ELCRA incorporates." The filing of MDCR complaints against other entities, which may not be factually comparable, does not demonstrate any credible threat against CHC where such eventual findings by the MDCR are wholly dependent upon the facts in each complaint.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendants-Appellants respectfully request that this Court deny Plaintiff-Appellant's motion to

supplement the record and/or to take judicial notice of administrative complaints filed with the MDCR.

                                      Respectfully submitted,

                                      */s/ Kimberly K. Pendrick*
                                      Kimberly K. Pendrick (P60348)
                                      Tonya C. Jeter (P55352)
                                      Assistant Attorneys General
                                      Counsel of Record
                                      Attorney for Defendants-Appellees
                                      Civil Rights & Elections Division
                                      3030 W. Grand Blvd, 10th Floor
                                      Detroit, Michigan 48202
                                      313.456.0067

Dated: October 30, 2023

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the part of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains no more than 13,000 words.  This document contains 1,990 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Century Schoolbook.

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Tonya C. Jeter (P55352)
Assistant Attorneys General
Counsel of Record

## ATTORNEY FOR DEFENDANTS-APPELLEES CERTIFICATE OF SERVICE

I certify that on October 30, 2023, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Tonya C. Jeter (P55352)
Assistant Attorneys General
Counsel of Record
Attorney for Defendants-Appellees
Civil Rights & Elections Division
3030 W. Grand Blvd, 10th Floor
Detroit, Michigan 48202
313.456.0067
penrickk@michigan.gov